UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA, CDCR #J-48500, <br><br>  Plaintiff, <br><br> vs. <br><br> ANTHONY J. BATTAGLIA, MICHAEL S. BERG, <br><br>  Defendants. | Case No.: 3:20-cv-00769-LAB-MDD <br><br> **ORDER:** <br><br> **1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 3] AND** <br><br> **2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

On April 22, 2020, Plaintiff Steven Wayne Bonilla, proceeding pro se and currently incarcerated at San Quentin State Prison filed a civil action seeking to compel Defendants to declare his Alameda County Superior Court capital conviction and sentence "null and void." (*See* ECF No. 1, Compl., at 2–3.) On April 27, 2020, the Court dismissed Plaintiff's Complaint for failure to pay the filing fee required by 28 U.S.C. Section 1914(a) and/or to file a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. Section 1915(a), and granted Plaintiff thirty days leave in which to pay the

filing fee or file a complete motion to proceed IFP. (*See* ECF No. 2, at 2–3.) Plaintiff filed a Motion to Proceed IFP pursuant to 28 U.S.C. Section 1915(a) on May 18, 2020. (*See* ECF No. 3.)

## I. Motion to Proceed IFP

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners, like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "increments" as provided by 28 U.S.C. Section 1915(a)(3)(b), *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended Section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (stating that under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule . . . ."). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state

1 a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the
2 district court styles such dismissal as a denial of the prisoner's application to file the
3 action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153
4 (9th Cir. 2008).  When courts "review a dismissal to determine whether it counts as a
5 strike, the style of the dismissal or the procedural posture is immaterial.  Instead, the
6 central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or
7 failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016)
8 (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).  "When . . . presented with
9 multiple claims within a single action," however, courts may "assess a PLRA strike only
10 when the case as a whole is dismissed for a qualifying reason under the Act."  *Hoffman v.*
11 *Pulido,* 928 F.3d 1147, 1152 (9th Cir. 2019) (citing *Washington v. L.A. Cnty. Sheriff's*
12 *Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

13 Once a prisoner has accumulated three strikes, he is prohibited by Section 1915(g)
14 from pursuing any other IFP action in federal court unless he can show he is facing
15 "imminent danger of serious physical injury."  *See* 28 U.S.C. § 1915(g); *Cervantes*, 493
16 F.3d at 1051–52 (noting Section 1915(g)'s exception for IFP complaints which "make[] a
17 plausible allegation that the prisoner faced 'imminent danger of serious physical injury'
18 at the time of filing.").

19 **B.     Discussion**

20 As a preliminary matter, the Court has reviewed Plaintiff's Complaint and finds
21 that it does not contain any "plausible allegations" to suggest that he "faced 'imminent
22 danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055
23 (quoting 28 U.S.C. § 1915(g)).  Instead, Plaintiff alleges that a federal grand jury
24 subpoena in his criminal case was improper and as such, Defendants should declare his
25 judgment of conviction "null and void."  (*See* Compl. at 2.)
26 While Defendants typically carry the initial burden to produce evidence
27 demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in
28 some instances, the district court docket may be sufficient to show that a prior dismissal

satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.  That is true here.

Based on the dockets of many court proceedings available on PACER,[1] this Court finds that Plaintiff Steven Wayne Bonilla, identified as CDCR #J-48500, while incarcerated, has had dozens of prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  *See In re Steven Bonilla*, 2012 WL 216401, at *1 (N.D. Cal. Jan. 24, 2012) (noting Plaintiff's litigation history in the Northern District of California, including the dismissal of 34 pro se civil rights actions between June 1 and October 31, 2011 alone, which were dismissed "because the allegations in [his] complaints d[id] not state a claim for relief under § 1983."); *id.* at *3 ("The following five actions are DISMISSED without prejudice and without leave to amend for failure to state a claim upon which relief may be granted: *Bonilla v. Superior Court of Alameda County*, C 11-6306; *Bonilla v. Alameda County District Attorney's Office*, C 11-6307; *Bonilla v. California Supreme Court*, C 12-0026; *Bonilla v. Cullen*, C 12-0027; *Bonilla v. California Supreme Court*, C 12-0206."); *id.* at *3 n.1 ("The Court recently informed Plaintiff that, in accordance with 28 U.S.C. § 1915(g), he no longer qualifies to proceed in forma pauperis in any civil rights action." (citing *In re Steven Bonilla*, Nos. C 11-3180, et seq. CW (PR), Order of Dismissal at 6:23-7:19)).

Accordingly, because Plaintiff has, while incarcerated, accumulated far more than

---

[1] A court may take judicial notice of its own records, *see Molus v. Swan*, No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, at *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias*, 508 F.3d at 1225 (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

the three "strikes" permitted by Section 1915(g), and he fails to make any plausible allegation that he faced imminent danger of serious physical injury at the time he filed this case, he is not entitled to the privilege of proceeding IFP.  *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (noting that 28 U.S.C. Section 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II. Conclusion and Orders

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 3) as barred by 28 U.S.C. Section 1915(g), **DISMISSES** this civil action based on Plaintiff's failure to pay the civil filing fee required by 28 U.S.C. Section 1914(a), **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. Section 1915(a)(3), and **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated: May 20, 2020

_____
Hon. Larry Alan Burns
Chief United States District Judge